UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ellis Chad Shaheen,

    Plaintiff,

v.   Civ. No. 08-1415 (JNE/SRN)
   ORDER

Teva Pharmaceutical USA; Gate
Pharmaceutical Industries Ltd.;
Ivax Corporation; Ivax Pharmaceuticals,
Inc.; Zenith Laboratories, Inc.; Zenith
Goldline Pharmaceuticals, Inc.; and McKesson
Corporation,

    Defendants.

_____

John C. Thornton, Esq., Andrews & Thornton, and Stephen J. Randall, Esq., Pearson, Randall & Schumacher, appeared for Plaintiff Ellis Chad Shaheen.

Patrick M. Bryan, Esq., Kirkland & Ellis LLP, and Mark D. Schuman, Esq., Carlson, Caspers, Vandenburgh & Lindquist, appeared for Defendants Teva Pharmaceutical USA; Gate Pharmaceutical Industries Ltd.; Ivax Corporation; Ivax Pharmaceuticals, Inc.; Zenith Laboratories, Inc.; Zenith Goldline Pharmaceuticals, Inc.; and McKesson Corporation.

_____

    Plaintiff Ellis Chad Shaheen brings this action, based in diversity jurisdiction, for negligence and strict product liability against Defendants Teva Pharmaceutical USA, Gate Pharmaceutical Industries Ltd., Ivax Corporation, Ivax Pharmaceuticals, Inc. (IPI), Zenith Laboratories, Inc., Zenith Goldline Pharmaceuticals, Inc., and McKesson Corporation. Defendants assert that venue in Minnesota is improper and move for dismissal or transfer of this action pursuant to 28 U.S.C. § 1406 (2000). Though Defendants have expressed a preference for dismissal or transfer pursuant to section 1406, Defendants have requested, in the alternative, that the case be transferred for convenience-related reasons to the District of Utah pursuant to 28 U.S.C. § 1404 (2000). Shaheen admits that venue is improper and requests that the Court

1

dismiss parties he deems "dispensable" in order to cure the venue problems.  Shaheen does not oppose transfer to the District of Utah pursuant to section 1404.  For the reasons stated below, the Court grants Defendants' motion and dismisses the action without prejudice.

According to the Complaint, on or about February 10, 2003, Shaheen's doctor prescribed quinine as a remedy for nocturnal leg cramping.  Shaheen purchased and ingested the quinine as prescribed, and Shaheen alleges that the quinine caused him injuries requiring medical treatment.  Defendants are alleged to have been involved in the manufacture, marketing, distribution, and sale of the quinine ingested by Shaheen.

Shaheen is and has been, at all times material to this action, a resident and citizen of the state of Utah.  No Defendant is incorporated or has its principal place of business in Minnesota.  The Complaint, however, alleges in conclusory fashion that "[o]n information and belief, [each Defendant] performs business in the State of Minnesota either directly or through its wholly owned and controlled subsidiaries."

In this case, 28 U.S.C. § 1391(a) (2000 & Supp. V 2005) governs whether venue is proper:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

For the purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  *Id.* § 1391(c).

Because a substantial part of the events or omissions giving rise to the claim occurred in Utah, this action could have been brought in Utah under section 1391(a)(2).[1] As a result, section 1391(a)(3) is inapplicable, as it is operative only if there is no other district in which the action may be brought. Accordingly, if Shaheen is to establish proper venue in Minnesota, he must do so under section 1391(a)(1).

In response to Defendants' motion, Shaheen seeks to dismiss certain defendants to preserve venue. Defendants argue that, even in the absence of the parties Shaheen seeks to dismiss, venue in Minnesota is still improper.

When evaluating the merits of a motion to dismiss for improper venue, the Court must assume all facts in the Complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the complainant. *Transocean Group Holdings Pty Ltd. v. S.D. Soybean Processors, LLC*, 505 F. Supp. 2d 573, 575 (D. Minn. 2007). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. School District of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

IPI is among the parties that Shaheen deems "indispensable" and seeks to retain. Counsel for Shaheen states in his affidavit:

> I am aware from other cases that Defendant IPI was selling quinine sulfate in the state of Minnesota in 2005. Attached hereto as Exhibit 3 are the pharmacy records of Doe Patient (name omitted for privacy) indicating the sale of quinine on May 21, 2005. The 260 MG quinine sulfate tablets purchased by Doe Patient were sold under the [National Drug Code] # 00172-3001-70. Defendant IPI's [interrogatory responses] confirms that the [National Drug Code] number and dosage were sold by Defendant IPI.

---

[1] Both Shaheen and Defendants have indicated that transfer to Utah under section 1404 is appropriate, so no party contends that venue there is improper.

Exhibit 3 to Shaheen's counsel's affidavit is a "Patient Profile Detail" for an unidentified person at some unidentified location. It appears to list various prescribed medicines, including a single entry for 30 tablets of quinine, but nothing in the exhibit appears to link either the patient or the medicines to Minnesota. Even assuming that the affidavit of Shaheen's counsel is proper evidence of a sale in Minnesota of quinine produced by IPI,[2] such evidence is insufficient to establish prima facie grounds for personal jurisdiction over IPI—there is no evidence or allegation that IPI took any specific action in or directed any specific activities at Minnesota. *See Guiness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 614-15 (8th Cir. 1998) (indicating that, without more, personal jurisdiction over a manufacturer is not established by resale of its products in the forum state by distributor if the products were manufactured and sold to the distributor outside of the forum state); *cf. Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16 (1984) (requiring "continuous and systematic" contacts to establish general jurisdiction). Without personal jurisdiction over IPI, venue remains improper. Because venue in Minnesota is not proper, the Court concludes that this case should be dismissed without prejudice. *See* 28 U.S.C. § 1406(a); *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 929 (8th Cir. 1997) (indicating that a district court is not required to dismiss defendants sua sponte to preserve venue) (*citing Woodke v. Dahm*, 70 F.3d 983, 986 (8th Cir. 1995)).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion to dismiss pursuant to 28 U.S.C. § 1406(a) [Docket No. 15] is GRANTED.

---

[2] The Court considers it doubtful that the affidavit of counsel for Shaheen is proper, *see* Minn. R. Prof. Conduct 3.7, or that counsel has personal knowledge of the sale of quinine described in the affidavit, *see* Fed. R. Evid. 602.

2.      The Complaint [Docket No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 8, 2008

                                            s/  Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge